WELLS, Chief Judge.
Kevin Earl Wadley appeals an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 without an evi-dentiary hearing. On appeal from a summary denial, this court must reverse unless the post-conviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
Because the record now before us fails to make the required showing,[1] we reverse the order on appeal for the attachment of record excerpts conclusively showing that Wadley is not entitled to relief, or for an evidentiary hearing.
Reversed and remanded for further proceedings.

. The record before us is incomplete. For example, while the State's response to Wad-ley’s post-conviction motion filed below refers to a plea agreement attached to the underlying post-conviction motion, neither the post-conviction motion nor the plea agreement are a part of the record on appeal. Rather, the appellate record contains only the memorandum of law that Wadley filed in support of his previously filed motion.